UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MCDONALD et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>KILOO A/S et al.,<br><br>　　　　Defendants. | Case No. 17-cv-04344-JD<br><br>**ORDER RE PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS**<br><br>Re: Dkt. No. 363 |
| AMANDA RUSHING et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>THE WALT DISNEY COMPANY et al.,<br><br>　　　　Defendants. | Case No. 17-cv-04419-JD |
| AMANDA RUSHING et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>VIACOMCBS INC. et al.,<br><br>　　　　Defendants. | Case No. 17-cv-04492-JD |

These related privacy actions were filed by parents concerned about gaming apps for children. The *Kiloo* action, No. 17-4344, involves the "Subway Surfers" app; the *Disney* action, No. 17-4419, involves "Princess Palace Pets" and "Where's My Water?"; and the *Viacom* action, No. 17-4492, involves "Llama Spit Spit." The complaints alleged that the apps functioned as covert collectors of behavioral data for delivery of targeted advertising to the kids who played the games, and that the collection and exploitation of the data was done without disclosure or consent. The Court denied defendants' motions to dismiss, and permitted the following claims to go

forward: in all three cases, an intrusion upon seclusion claim and a California constitutional right to privacy claim; a consumer protection claim under New York General Business Law § 349(a) in the *Kiloo* and *Disney* actions; and a California Unfair Competition Law claim under Cal. Bus. & Prof. Code § 17200, and a privacy claim under Massachusetts General Laws Chapter 214, § 1B, in the *Disney* case. Dkt. No. 270.

The seven named plaintiffs across the three cases are Michael McDonald, Tamara Draut, Dominique Murillo, Amanda Rushing, Ashley Supernault, Julie Remold and Ted Poon. On the defendants' side, there are two groups. The Developer Defendants are Kiloo A/S ("Kiloo"); Sybo ApS ("Sybo"); The Walt Disney Co., Disney Enterprises, Inc., and Disney Electronic Content, Inc. (collectively, "Disney"); and ViacomCBS Inc. and Viacom International Inc. (collectively, "Viacom"). The SDK Defendants are AdColony, Inc. ("AdColony"); Chartboost, Inc. ("Chartboost"); Flurry, Inc. ("Flurry"); InMobi Pte Ltd. ("InMobi"); ironSource USA Inc. ("ironSource"); Tapjoy, Inc. ("Tapjoy"); Vungle, Inc. ("Vungle"); Twitter Inc. and MoPub, Inc. (collectively, "Twitter"); Comscore, Inc. and Full Circle Studies, Inc. (collectively, "Comscore"); Unity Technologies SF ("Unity"); and Upsight, Inc. ("Upsight"). The Developer Defendants are alleged to have created their respective gaming apps for children and contracted with certain SDK Defendants to embed their code (called software development kits or "SDKs") into those apps to surreptitiously collect personal data for commercial gain.

Plaintiffs have entered into sixteen proposed class settlements under Federal Rules of Civil Procedure Rule 23(b)(2) with the fifteen defendants across the three actions,[1] and seek preliminary approval of the settlements. Dkt. No. 363. The request is granted.

**DISCUSSION**

**I. CLASS CERTIFICATION**

Plaintiffs have asked the Court to conditionally certify the proposed classes for settlement purposes only. In certifying a class for settlement purposes, review of the proposed class is "of vital importance." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). The proposed

---

[1] Defendant Upsight entered into separate settlements in the *Disney* action and *Viacom* action, respectively.

2

1  class must satisfy the requirements of Federal Rule of Civil Procedure 23.  Rule 23(a) provides
2  that a class action is available only where: (1) the class is so numerous that joinder is
3  impracticable; (2) common questions of law or fact exist; (3) the claims or defenses of the
4  representative parties are typical of the class; and (4) the representative parties will fairly and
5  adequately protect the class's interests.  The proposed settlements are directed mainly to conduct
6  remedies as contemplated by Rule 23(b)(2), and so the Court must also determine whether
7  defendants have "acted or refused to act on grounds that apply generally to the class, so that final
8  injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

9  The Court finds that the requirements of Rule 23(a) are met for the proposed classes.  The
10 numerosity requirement is satisfied because "the relevant apps have been downloaded millions of
11 times in the United States alone."  Dkt. No. 363 at 22 & n.19.  The commonality requirement is
12 satisfied because the resolution of the classes' claims depends on common questions of law and
13 fact, such as "what data was secretly collected, how the collection was done, and how the
14 harvested data was used."  Dkt. No. 270 (MTD Order) at 11.  These practices involve software
15 accessed by all users of the same version of each app.  The named plaintiffs' claims meet the
16 typicality requirement because their children played these gaming apps like all other members of
17 the proposed classes.  *See In re Facebook Biometric Info. Privacy Litig.*, 326 F.R.D. 535, 543
18 (N.D. Cal. 2018).  The adequacy requirement is met because there are no conflicts between the
19 named plaintiffs and the other class members, and there is no dispute about proposed class
20 counsel's competence.

21 The Court also finds that the requirements of Rule 23(b)(2) are satisfied.  The cases
22 concern defendants' alleged data collection and use practices that apply generally to the proposed
23 classes.  Injunctive relief mandating changes to defendants' practices -- including putting a stop to
24 them, imposing safeguards to protect children, and the destruction of previously-collected personal
25 data -- necessarily would benefit all members of the settlement classes equally.

26 The Court consequently conditionally certifies, and appoints class representatives, for the
27 settlement classes that follow.  Definitions and exhibits are taken from and can be found in the
28 settlement agreements themselves.  *See* Dkt. No. 364, Exhibits 1-16.

United States District Court
Northern District of California

**McDonald et al. v. Kiloo ApS et al., Case No. 3:17-cv-04344**

Class Representatives (All Settlements):  Plaintiffs Michael McDonald, Tamara Draut, and Dominique Murillo.

Class Definition (All Settlements):  All parents and/or legal guardians of persons residing in the States of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Georgia, Hawaii, Idaho, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Minnesota, Missouri, Nevada, New Hampshire, New Jersey, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, South Dakota, Texas, Utah, Vermont, Washington, and West Virginia who are under the age of 13 and have played Subway Surfers, or who were under the age of 13 when they played Subway Surfers.

**Rushing et al. v. The Walt Disney Company et al, Case No. 3:17-cv-04419**

Class Representatives (All Settlements):  Plaintiffs Amanda Rushing, Ashley Supernault, Julie Remold, and Ted Poon.

Disney Settlement Class Definition:  All parents and/or legal guardians of persons who have played the Covered Apps residing in the States of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Georgia, Hawaii, Idaho, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Minnesota, Missouri, Nevada, New Hampshire, New Jersey, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, South Dakota, Texas, Utah, Vermont, Washington, and West Virginia who are younger than the age of 13, or were younger than the age of 13, when they played the Covered Apps.

Comscore Settlement Class Definition:  All parents and/or legal guardians of persons residing in the States of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Georgia, Hawaii, Idaho, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Minnesota, Missouri, Nevada, New Hampshire, New Jersey, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, South Dakota, Texas, Utah, Vermont, Washington, and West Virginia who are younger than the age of 18, or were younger than the age of 18 when they played the Where's My Water? and Where's My Water? Free/Lite Disney Gaming Apps.

Twitter Settlement Class Definition:  All parents and/or legal guardians of persons residing in the States of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Georgia, Hawaii, Idaho, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Minnesota, Missouri, Nevada, New Hampshire, New Jersey, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, South Dakota, Texas, Utah, Vermont, Washington, and West Virginia who are younger than the age of 13, or were younger than the age of 13 when they used a Disney app including Where's My Water? Free / Lite and/or Where's My Water? 2 (collectively, "Disney Gaming Apps") and/or an app listed below in Exhibits A through C that was embedded with MoPub's SDK.

Unity Settlement Class Definition:  All parents and/or legal guardians of persons residing in the States of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Georgia, Hawaii, Idaho, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Minnesota, Missouri, Nevada, New Hampshire, New Jersey, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, South Dakota, Texas, Utah, Vermont, Washington, and West

Virginia who were younger than the age of 18 at the time they played any Relevant App.

<u>Upsight Settlement Class Definition</u>:  All parents and/or legal guardians of persons residing in the States of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Georgia, Hawaii, Idaho, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Minnesota, Missouri, Nevada, New Hampshire, New Jersey, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, South Dakota, Texas, Utah, Vermont, Washington, and West Virginia, who are younger than the age of 18, or were younger than the age of 18 when they played the Released Apps, and from whom Upsight collected, used, or disclosed personal data. The Settlement Class includes the Intrusion Upon Seclusion Class and California Subclass, as those classes were identified in Plaintiff's Amended Complaint. (See ECF No. No. 117-1 ¶¶ 228, 230, 232, and 234.)

**Rushing v. ViacomCBS Inc. et al, Case No. 3:17-cv-04492**

<u>Class Representative (All Settlements)</u>:  Plaintiff Amanda Rushing.

<u>Viacom Settlement Class Definition</u>:  All parents and/or legal guardians of persons residing in the States of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Georgia, Hawaii, Idaho, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Minnesota, Missouri, Nevada, New Hampshire, New Jersey, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, South Dakota, Texas, Utah, Vermont, Washington, and West Virginia who are younger than the age of 18, or were younger than the age of 18 when they played Llama Spit Spit, and from whom Viacom collected, used, or disclosed personal data.

<u>Upsight Settlement Class Definition</u>:  All parents and/or legal guardians of persons residing in the States of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Georgia, Hawaii, Idaho, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Minnesota, Missouri, Nevada, New Hampshire, New Jersey, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, South Dakota, Texas, Utah, Vermont, Washington, and West Virginia, who are younger than the age of 18, or were younger than the age of 18 when they played the Released Apps, and from whom Upsight collected, used, or disclosed personal data. The Settlement Class includes the Intrusion Upon Seclusion Class and California Subclass, as those classes were identified in Plaintiff's Amended Complaint. (See ECF No. 78-3 ¶¶ 153, 155.)

The Court appoints Lieff, Cabraser, Heimann & Bernstein, LLP and Carney Bates & Pulliam PLLC as counsel for the settlement classes under Rule 23(g)(1).  Both firms have significant experience in similar cases and have demonstrated skill and effort in litigating these cases.

## II.   PRELIMINARY APPROVAL

When the parties reach a proposed settlement of a class action prior to class certification, proposing the certification of a class for settlement purposes, the Court must review the agreement and approve "both the propriety of the certification and the fairness of the settlement."  *Staton v.*

5

*Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003).  Federal Rule of Civil Procedure 23(e) requires the Court to examine the proposed settlement and make a preliminary finding of fairness.  A class action settlement may be approved only if the Court finds that it is "fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2).  Plaintiffs bear the burden of establishing these elements.  *Staton*, 327 F.3d at 959.

"[S]ettlement approval that takes place prior to formal class certification requires a higher standard of fairness."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).  This is because "the dangers of collusion between class counsel and the defendant, as well as the need for additional protections when the settlement is not negotiated by a court-designated class representative, weigh in favor of a more probing inquiry than may normally be required under Rule 23(e)."  *Id.*  At the same time, there is a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned."  *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

The touchstone of approval for a class settlement agreement is "the protection of those class members, including the named plaintiffs, whose rights may not have been given due regard by the negotiating parties."  *Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982).  The Court will give preliminary approval to a class settlement and notice only when (1) "the proposed settlement appears to be the product of serious, informed, noncollusive negotiations," (2) "has no obvious deficiencies," (3) "does not improperly grant preferential treatment to class representatives or segments of the class," and (4) it "falls with the range of possible approval."  *Stokes v. Interline Brands, Inc.*, No. 12-cv-05527-JD, 2014 WL 5826335, at *3 (N.D. Cal. Nov. 10, 2014) (citation omitted).

These requirements have been satisfied here.  The sixteen settlements were reached after extensive negotiations among a substantial number of parties over the course of many months, sometimes before neutral mediators.  Dkt. No. 364 ¶¶ 51-54.  The settlements have no obvious deficiencies and do not improperly grant preferential treatment to class representatives or segments of the class.  The proposed settlements will provide broad injunctive relief going beyond

6

the apps that were at issue in these cases, and will meaningfully change defendants' practices in ways that should improve privacy protections for children. *See* Dkt. No. 364 ¶¶ 23-30; Exs. 1-16. As one illustrative example, for the SDK defendants AdColony, Chartboost, Flurry, InMobi, ironSource, Tapjoy, Vungle, Twitter, Unity and Upsight, the settlements will "place strict limitations on thousands of child-directed apps so that, at minimum, only contextual [*i.e.*, not behavioral] advertising is served to children under age 13." Dkt. No. 364 ¶ 25(a). SDK Defendant Comscore, which does not provide advertising services directly, will, among other things, "notify those clients whose apps are categorized as child-directed, providing instructions to update the Comscore SDK to ensure data is not collected." *Id.* ¶ 26(c). Developer Defendants Kiloo and Sybo will make changes to the Subway Surfers app so that "[a]ny user who identifies as under age 13 will not have personal data collected for behavioral advertising." *Id.* ¶ 27(a). Developer Defendant Disney will, for dozens of Disney gaming apps, provide protections including removing or disabling any Advertising SDKs or configuring the SDKs so they collect and use personal data only for contextual advertising for those apps whose audiences are primarily under 13. *Id.* ¶ 28. Developer Defendant Viacom will modify the Llama Spit Spit app "so that the app will not use Persistent Identifiers for cross-promotions, to the extent that the Persistent Identifier is used to draw inferences about users' usage of other Viacom apps -- including whether or not a user has installed additional Viacom apps on his or her device." *Id.* ¶ 29.

While the settlements do not provide any monetary relief to class members, they do not release damages or other monetary claims for any class members or their children, except for the class representatives and their children, so that class members are free to pursue those claims against defendants in future actions. Plaintiffs have also provided a reasonable basis for not pursuing those claims in these settlements: further litigation would have been time-consuming and risky, and any damage award was uncertain and likely to have been nominal for most class members. Dkt. No. 363 at 14-15.

On the issue of attorney's fees, the Court notes that the parties have negotiated payment caps, and that defendants have reserved the right to contest any amount of fees and expenses requested. Dkt. No. 364 ¶ 56. The parties have also agreed to accept, and not appeal, the Court's

7

1    resolution of the fees and expenses.  *Id*.  These are further indicators in support of a finding that
2    these settlements were not collusive.
3           Overall, the proposed class settlement agreements are well within the range of final
4    approval as "fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2).

## III.   NOTICE, SCHEDULE, AND NEXT STEPS

While notice is not, strictly speaking, required for Rule 23(b)(2) classes, *see* Fed. R. Civ. P. 23(c)(2), the parties here have agreed to provide it to alert the class members to the settlements and injunctive relief.  The Court finds this to be in the best interest of the class members, and approves the form of the notice proposed, Dkt. No. 366-3, as well as the proposed avenues of outreach (programmatic display advertising, social media notice, paid search campaign, and creation of a case-specific website).  Dkt. No. 366.  Angeion Group, LLC is appointed as the settlement administrator, and the parties are directed to carry out the notice plan and pay the associated costs consistent with the provisions in each defendant's settlement agreement.  The Court expects the parties will confirm compliance with the notice plan in their final approval papers.

The Court notes that defendants have filed on the docket a joint notice of compliance with the notice requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1711.  *See* Dkt. No. 370.

Because these are settlement classes under Federal Rule of Civil Procedure 23(b)(2), class member opt-out is not available.  Even so, every class member has the right to comment on or object to any aspect of the proposed settlements by following the ensuing procedures.  These procedures and requirements are intended to ensure the efficient administration of justice and the orderly presentation of any class member's objection to any of the settlements to which he or she is a part, in accordance with the due process rights of all settlement class members.

All comments or objections must be in writing, and to be considered, any comment or objection to any of the settlements or fee motion must be mailed, postmarked no later than the Objection Deadline set forth below, to the Court at the following address: Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San

Francisco, CA 94102.  It must also include the following information: (a) the applicable case names and numbers (*McDonald v. Kiloo A/S*, Case No. 3:17-cv-04344-JD; *Rushing v. The Walt Disney Company,* Case No. 3:17-cv-04419-JD; or *Rushing v. ViacomCBS, Inc.*, Case No. 3:17-cv-04492-JD); (b) the name, mailing address, e-mail address, and signature of the settlement class member and, if represented by counsel, of his or her counsel; (c) the specific aspect of the settlement(s) or fee motion to which the settlement class member objects or wishes to comment, along with any legal or evidentiary support; and (d) a statement of membership that clearly identifies that his or her children played one of the Gaming Apps, and identifies which Gaming Apps his or her children played and to which settlement classes the settlement class member purports to belong.  A settlement class member who wishes to appear at the final approval hearing must submit a Notice of Intention to Appear along with their written comment or objection.  If the appearance will be through counsel, the Notice of Intention to Appear must also identify who those attorneys are.

Settlement class members who do not follow these procedures may not comment on or object to the settlement, or appear at the final approval hearing, except upon a showing of good cause and the Court's permission.  Substantial compliance with the requirements for submitting an objection or comment will typically be deemed adequate.

The Court sets the following dates and deadlines for the final approval of these settlements:

| Event | Deadline / Date |
|---|---|
| Deadline for plaintiffs to file motion for attorneys' fees and any incentive awards | October 8, 2020 |
| Notice and relevant court orders to be posted on the Class Settlement Website | October 9, 2020 |
| Objection deadline | November 20, 2020 |
| Deadline for motion for final approval, including responses to objections | December 3, 2020 |
| Final Approval Hearing | December 17, 2020, at 10:00 a.m. |

9

1    Class counsel and defense counsel are authorized to use all reasonable procedures in connection with the administration of the settlements that are not materially inconsistent with this order or the settlements, including making, without further approval of the Court, minor corrections or non-substantive changes to the form or content of the notice that they jointly agree are reasonable or necessary.  The issues of any fees and costs to class counsel and incentive awards to the named class representatives are reserved for the final approval hearing.

Pending the final approval hearing, all proceedings in these three related actions other than those necessary to carry out and enforce the terms and conditions of the settlements and this order, are stayed.  In light of that procedural posture, the cases will be administratively closed pending the final approval hearing, though the parties may continue to make all settlement-related filings on the docket as directed.

## CONCLUSION

Preliminary approval of the class action settlements, Dkt. No. 363, is granted, and a final approval hearing is set for December 17, 2020.

**IT IS SO ORDERED.**

Dated:  September 24, 2020

JAMES DONATO
United States District Judge